ants may be able to make as to the incompetency, unfitness, or dishonesty of the receiver, this court cannot act. That showing must be made to the court which appointed him, and it must be asked to remove him. If these complainants are not satisfied with the manner in which the suit and proceedings of Strang v. Railroad Co. [Case No. 13,523] are conducted in the United States circuit court for the Southern district of Alabama, they must become, if they can, parties to that suit, and make their complaints to that court. This court does not sit to revise or review the proceedings of that court. Any motion, therefore, to appoint a receiver in this case, while the property to be administered is in the possession of a receiver appointed by another court, must be overruled, and this court can entertain no motion to remove or otherwise interfere with a receiver appointed by another court.

I add a few words in regard to the relations which the two cases referred to bear to each other. That suit was commenced by the holders of second mortgage bonds. They did not see fit to make the holders of the first mortgage bonds parties, nor was it necessary for them to do so. Calv. Parties, 13, 14; Story, Eq. Pl. § 193. They have the right to proceed to a decree and sell the mortgaged property, but the sale must necessarily be made subject to the lien of the first mortgage bonds. The holders of these bonds are not parties, and can only be made parties by service of process or voluntary appearance. No general notice calling on them to present their claims will make them parties or bind them. If they were represented in the case by trustees, then a notice calling upon them to present their bonds before the master would be binding. But they are in no way represented in that suit. Their rights cannot therefore be affected by any decree in that case. Campbell v. Railroad Co. [Case No. 2,366]. They have the same right to commence suit on this mortgage as the holders of second mortgage bonds have on theirs. But as the latter have commenced their suit first, and have first obtained possession of the mortgaged property, the suit of the first mortgage bondholders cannot be allowed to interfere with the suit of the second mortgage bondholders. They can only interfere by being admitted as parties in that suit. When the suit of the second mortgage bondholders has ripened into a decree of sale and the property has been sold, the first mortgage holders may then proceed in their suit to subject the property again to sale to satisfy their lien. But not till the proceedings in the first suit have so resulted that the property is no longer in the possession of the court through its receiver, can any other court or parties interfere with it.

YOUNG (MOORE v.). See Case No. 9,782.

## Case No. 18,167.
### YOUNG v. MORIATY.
[2 Cranch, C. C. 42.] [1]
Circuit Court, District of Columbia. June Term, 1812.

AFFIDAVIT TO HOLD TO BAIL.

The affidavit to an account for cash lent was "that the above account, as stated, is just and true, and that the plaintiff has not received any part, parcel, or satisfaction for the same;" but it does not say that the plaintiff had received no security.

THE COURT (CRANCH, Chief Judge, doubting) was of opinion that it was sufficient to hold the defendant to bail.

## Case No. 18,168.
### YOUNG v. MUTUAL LIFE INS. CO. OF NEW YORK.
[2 Sawy. 325; [2] 6 Am. Law T. Rep. 28; 2 Ins. Law J. 289; 4 Bigelow, Ins. Cas. 1.]

Circuit Court, D. California. Jan. 20, 1873. [3]

INSURANCE POLICY—FORFEITURE PROVISION— WAIVER.

1. It is a general rule that forfeitures are not favored, and that provisions in contracts for forfeitures are strictly construed.

2. These principles apply to forfeitures in policies of insurance for non-payment of premiums when due.

3. Forfeitures provided for in policies of insurance are for the benefit of the party insuring, and may be waived by such party.
[Cited in Masonic Mut. Ben. Ass'n v. Beck, 77 Ind. 206.]

4. Where subsequent to the accruing of a forfeiture under the conditions of a life policy for non-payment of premiums, the insurer, with knowledge of the facts, by its own acts, or those of its agents, recognizes the contract as still subsisting, and manifests an intent not to take advantage of the forfeiture, and does no act prior to the death of the assured indicating a purpose to claim a forfeiture, the court will be justified in finding a waiver of the forfeiture.
[Cited in Pendleton v. Knickerbocker Life Ins. Co., 7 Fed. 178.]

5. In such cases, the liability of the insurer accrues on the death of the assured, and it is too late afterward to claim for the first time the benefit of a forfeiture.

On June 5, 1867, McPherson Young made application to H. S. Homans, general agent of the Mutual Life Insurance Company of New York for the Pacific coast, at the office of said company, in the city of San Francisco, for a policy of insurance on his life for $5,000, and said Homans delivered to him a memorandum of agreement in writing, bearing date on that day, acknowledging the receipt of "ninety-nine dollars and thirty cents, being the first one fourth annual premium on his application for a policy of in-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]
[3] [Reversed in 23 Wall. (90 U. S.) 85.]